ACCEPTED
14-14-00174-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/7/2015 2:30:43 PM
CHRISTOPHER PRINE
CLERK

## NO. 14-14-00174-CV

**IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
7/7/2015 2:30:43 PM
CHRISTOPHER A. PRINE
Clerk

**TRACEY LYNN FREEZIA**
**Plaintiff/Appellant**

**VS.**

**IS STORAGE VENTURES, LLC, JLE INVESTORS, INC., d/b/a
ASSOCIATED MORTGAGE INVESTORS, POST OAK BANK, N.A., AND
JAMES L. EMERSON**
**Defendants/Appellees**

**On Appeal from the 281st Judicial
District Court of Harris County, Texas
Trial Court Cause No. 2012-20372**

## AGREED MOTION TO REINSTATE

*/s/ BRITTON L. LARISON*

**BRITTON L. LARISON**
Texas Bar No. 24007531
**R. DWAYNE DANNER**
Texas Bar No. 00792443
**MCGLINCHEY STAFFORD, PLLC**
2711 N. Haskell Avenue
Suite 2750, LB 38
Dallas, Texas 75204
(214) 445-2445 (Tel.)
(214) 594-5522 (Fax)
blarison@mcglinchey.com

525216.1

TO THE HONORABLE FOURTEENTH COURT OF APPEALS:

COME NOW JLE Investors, Inc., d/b/a Associated Mortgage Investors, Inc., ("JLE"), James L. Emerson, ("Emerson"), IS Storage Ventures, LLC, ("IS"), Post Oak Bank, ("Post Oak"), and Tracey Lynn Freezia, ("Freezia") (collectively, the "Parties") and file this their Motion to Reinstate the appeal and, in support thereof, would show this Court of Appeals the following:

## I.     STATEMENT OF THE CASE

1.     This appeal was abated pursuant to the Abatement Order filed May 12, 2015.  This Court expressed concern over the finality of the judgment due to counter-claims of James Emerson.[1]   However, James Emerson had filed no individual counter-claims in the suit.

2.     The counter-claims which may have been of concern were filed by the entity defendant, JLE Investors, Inc., d/b/a Associated Mortgage Investors, Inc.[2] These counterclaims are phrased as follows:

## CAUSES OF ACTION

In the alternative [to the defenses plead] …

\* \* \*

---

[1] *See* Abatement Order of May 12, 2015.
[2] *See* Clerk's Record 369-381.
525216.1

WHEREFORE, PREMISES CONSIDERED, Defendant prays, *in the alternative, that should the Court determine that the lien of JLE was invalid, defective, or otherwise unenforceable under applicable law, and set aside said lien and/or quiet title to the Property in question to Plaintiff,…*[3]

3.      Because of the conditional language of the counterclaim, the parties had filed a Rule 11 Agreement which stated:

> Specifically, the Court Coordinator of the 281st Judicial District Court has advised the my client's counter-claims against Freezia as well as IS Storage's claim … are set for trial on the Court's Monday trial docket. *As you know, each of these counter-claims were pled in the alternative and were dependent on Freezia obtaining a favorable ruling as to title to the Property and/or was successful in setting aside the loan transaction with JLE. Since the Court granted JLE's and IS's Motions for Summary Judgment on all her claims, we took the position that the counter-claims pled in the alternative were/are now moot and that the summary judgment orders, taken together, constitute the final judgment for the purposes of appeal.*
>
> *              *              *
>
> *The purpose of this letter is to confirm our understanding that we believe the granting of the summary judgments in favor of JLE, Emerson and IS have rendered the counter-claims pled in the alternative moot and that the judgment now on appeal is final.* In the event that the Court of Appeals reverses, renders, and/or remands the case back to the 281st we have agreed that the counter-claims would then become "live" again,

---

[3] *See* Second Supplemental Clerk's Record 3-5.

525216.1

as currently pled in the alternative. Additionally, in case we are incorrect in our assumptions, we have agreed that any statute(s) of limitations in regards to the counter-claims is hereby tolled during the appeal and for six (6) weeks following the final disposition of the appeal by the Court of Appeals and/or the Texas Supreme Court, as applicable, so that if the counter-claims require non-suit to make the judgment final for appellate purposes, and then require refiling at the trial court level, such defense (statute(s) of limitations) will not be asserted by Freezia.[4]

The parties all believed due to the conditional nature of the counterclaim, that it was mooted by its own terms and wording. Thus, all parties proceeded with this appeal.

4. After this court entered its Abatement Order, on May 19, 2015, in case deemed necessary, JLE filed its Notice of Non-suit of Counterclaims Without Prejudice (the "Nonsuit") in the trial court.[5]

5. On May 29, 2015, JLE requested that the trial court clerk supplement the record on appeal with the Nonsuit.[6]

6. On June 19, 2015, the trial court entered its Response to Request for Clarification advising that the JLE counter-claims had been non-suited and confirmed that the court's record did not indicate any counter-claims filed

---

[4] *See* Second Supplemental Clerk's Record 3-4.
[5] *See* Exhibit "A" attached hereto.
[6] *See* Exhibit "B" attached hereto.
525216.1

individually by James Emerson.[7] On June 23, 2015, counsel for Appellee filed a second supplemental record request to include the recent clarification response from the trial court.[8]

7.   A Supplemental Record was filed on June 30, 2015. A second supplemental request has been requested.

8.   Accordingly, to the extent that there was a question as to the finality of the judgment, it should be resolved. The parties respectfully request that this appeal be reinstated.

## II.   MOTION FOR REINSTATEMENT

9.   The Abatement Order, which cited to Texas Rule of Appellate Procedure 27.2, allowed the parties to supplement the record and, after doing so, allowed the parties to move for reinstatement of this appeal. The Abatement Order allowed the trial court "…to permit the parties to obtain an order or orders disposing of the counterclaims against Tracey Lynn Freezia…"

10.   The counterclaims were conditioned on liability. JLE's Nonsuit effectively dismisses the counterclaims, if any, and no additional order from the trial court is necessary. No claim for affirmative relief was pending from Counter-Defendant/Appellant and no other claims are pending from any party. As such, if

---

[7] *See* Exhibit "C" attached hereto.
[8] *See* Exhibit "D" attached hereto.
525216.1

it was not already terminated, the Nonsuit terminates the case, was served, and is effective "without necessity of court order." Tex. R. Civ. Proc. Rule 162. The trial court's Response to Request for Clarification confirms these events.

11. Thus, the Parties move for the reinstatement of the appeal in this Court, and request that this Court grant such Motion.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully request that this appeal be reinstated.

Respectfully submitted,

By: */s/ Britton L. Larison*
    **BRITTON L. LARISON**
    Texas Bar No. 24007531
    blarison@mcglinchey.com
    **R. DWAYNE DANNER**
    Texas Bar No. 00792443
    ddanner@mcglinchey.com
    **MCGLINCHEY STAFFORD, PLLC**
    2711 N. Haskell Avenue
    Suite 2750, LB 38
    Dallas, Texas 75204
    (214) 445-2445 (Tel.)
    (214) 594-5522 (Fax)

525216.1

DATED: July 7, 2015

## CERTIFICATE OF CONFERENCE

The undersigned represents to this Court that he has conferred with Elizabeth Bruman, counsel for Appellant, and Elizabeth Flora, counsel for Co-Appellees, about the merits of this motion and all counsel advised that they are unopposed to this Motion and agree to the relief sought herein.

> */s/ Britton L. Larison*
> Britton L. Larison

## CERTIFICATE OF SERVICE

On July 7, 2015, in accordance with Texas Rules of Appellate Procedure, a true and correct copy of the foregoing was filed with the Texas E-File system who will in turn provide a copy of same to all counsel of record: Elizabeth Flora, 5151 Belt Line Road, Suite 410, Dallas, Texas 75254 and Elizabeth M. Bruman, 4560 Cypress Creek Parkway, Suite 104, Houston, Texas 77069.

> */s/ Britton L. Larison*
> Britton L. Larison

525216.1

5/19/2015 11:31:01 AM
Chris Daniel - District Clerk Harris County
Envelope No. 5337507
By: DAIQURI ROY
Filed: 5/19/2015 11:31:01 AM

## CAUSE NO. 2012-20372

| | | |
|---|---|---|
| TRACY LYNN FREEZIA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | 281ST JUDICIAL DISTRICT |
| IS STORAGE VENTURES, LLC, JLE | § | |
| INVESTORS, INC. d/b/a ASSOCIATED | § | |
| MORTGAGE INVESTORS, POST OAK | § | |
| BANK, N.A., and JAMES L. EMERSON, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT JLE INVESTORS, INC. D/B/A ASSOCIATED MORTGAGE INVESTORS' NOTICE OF NON-SUIT OF COUNTERCLAIMS WITHOUT PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant/Counter-Plaintiff, JLE Investors, Inc., d/b/a Associated Mortgage Investors ("JLE") in the above entitled and numbered cause and files this Notice of Nonsuit of its Counterclaim(s) without prejudice against Plaintiff Tracy Lynn Freezia ("Freezia") and in support thereof would respectfully show as follows:

1. Freezia filed the instant suit on April 5, 2012. JLE answered the suit on May 3, 2012 and filed its Counterclaims against Freezia on May 10, 2013. This Court granted three summary judgments in this case in favor of the Defendants as follows: For JLE on August 9, 2013; for Defendant IS Storage on October 4, 2013, and for James L. Emerson on February 7, 2014. Freezia has appealed all three orders to the 14th Court of Appeals, and the parties have completed all briefing at the Court of Appeals.

2. JLE's counterclaims were pled in the alternative and the parties were under the belief that the granting of the summary judgments rendered the counterclaims moot based on the fact that they were pled in the alternative. *See attached Rule 11 Agreement* filed with the Court

522363.1

EXHIBIT "A"

on June 11, 2014. However, the Court of Appeals concluded that there may be an issue as to finality of the judgment being appealed due to the JLE counterclaims, and remanded the case back to this Court for determination of the issue of finality.

3.      In the event that this occurred, the parties agreed per the attached Rule 11 Agreement, that JLE could non-suit its counterclaims without prejudice for the purposes of clarifying the finality of the judgment, and that any applicable statute(s) of limitations would be tolled until six weeks after the final resolution of the appeal to allow JLE to re-file such claims in the event that the case was remanded back to this Court.

4.      Therefore, in accordance with the parties' Rule 11 Agreement and to clarify the issues as to the finality of the judgment in this matter, JLE hereby nonsuits its counterclaims without prejudice against Plaintiff Tracy Lynn Freezia, reserving the right, however to re-assert them at a later date, if necessary, pursuant to the Rule 11 Agreement.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, JLE respectfully requests that this Court and all parties take notice of this non-suit of JLE's counterclaims without prejudice.

522363.1

Respectfully submitted,

McGLINCHEY STAFFORD, PLLC

By: _/s/ Britton L. Larison_
    R. Dwayne Danner
      State Bar No. 00792443
      ddanner@mcglinchey.com
    Britton L. Larison
      State Bar No. 24007531
      blarison@mcglinchey.com
    McGLINCHEY STAFFORD, PLLC
    2711 N. Haskell Ave, Suite 2750
    Dallas, Texas 75204
    214.445.2445
    214.445.2450 (Fax)

    And


    John L. Verner
      State Bar No. 20549500
    McGLINCHEY STAFFORD, PLLC
    1001 McKinney, Suite 1500
    Houston, Texas 77002
    713.520.1900
    713.520.1025 (Fax)

*Attorneys for JLE Investors, Inc., d/b/a Associated Mortgage Investors, and James L. Emerson*

522363.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the following counsel of record in accordance with the Texas Rules of Civil Procedure on this 19th day of May 2015, as indicated below:

*Via Texas E-File*:

Elizabeth M. Bruman
4560 Cypress Creek Parkway, Suite 104,
Houston, Texas 77069
***Attorneys for Plaintiff***

*Via Texas E-File*:

Elizabeth R. Flora
Fidelity National Law Group
5151 Belt Line Road, Suite 410
Dallas, Texas 75254
***Attorneys for Defendants IS Storage Ventures, LLC, and Post Oak Bank, N.A.***

/s/ *Britton Larison*
Britton L. Larison

522363.1

# McGLINCHEY STAFFORD

BRITTON L. LARISON
(214) 445.2419
Fax (214) 292.8645
blarison@mcglinchey.com

CALIFORNIA   FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS

11 June 2014

*Via Email: cwist@whkllp.com*
Mr. Charles Wist
WIST HOLLAND & KEHLHOF
720 N. Post Oak Rd, Suite 610
Houston, Texas 77024

*Via Email: Ebruman@brumanlaw.com*
Mrs. Elizabeth Bruman
Law Office of Elizabeth Bruman, P.C.
4560 FM 1960 Rd, West
Suite 104
Houston, TX 77069

*Via Email: Elizabeth.Flora@fnf.com*
Ms. Elizabeth Flora
Fidelity National Law Group
5151 Belt Line Road, Suite 410
Dallas, Texas 75254

RE:  (i)  Cause No. 2012-20372; *Tracy Lynn Freezia v. IS Storage Ventures, LLC, et al.*; In the 281st Judicial District Court of Harris County, Texas;

(ii)  Case No. 14-14-00174-CV; *Tracey Lynn Freezia v. IS Storage Venture, LLC, JLE Investors, Inc. d/b/a Associated Mortgage Investors, Post Oak Bank, N.A., and James L. Emerson*

Counsel:

Please allow this letter to confirm our email communications today, and to serve as formal documentation of our agreement pursuant to Rule 11 of the TEXAS RULES OF CIVIL PROCEDURE:

Specifically, the Court Coordinator of the 281st Judicial District Court has advised that my client's counter-claims against Freezia as well as IS Storage's claim for value of improvements are set for trial on the Court's Monday trial docket. As you know, each of these counter-claims were pled in the alternative and were dependent on Freezia obtaining a favorable ruling as to title to the Property and/or was successful in setting aside the loan transaction with JLE. Since the Court granted JLE's and IS's Motions for Summary Judgment on all her claims, we took the position that the counter-claims pled in the alternative were/are now moot and that the summary judgment orders, taken together, constitute the final judgment for the purposes of appeal.

As you are also aware, the case is now pending in the 14th Court of Appeals and we are in the briefing stage after an abatement for court-ordered mediation, which we have concluded.

The purpose of this letter is to confirm our understanding that we believe the granting of the summary judgments in favor of JLE, Emerson and IS have rendered the counter-claims pled in the alternative moot and that the judgment now on appeal is final. In the event that the Court of Appeals reverses, renders, and/or remands the case back to the 281st, we have agreed that the

2711 N. Haskell Avenue, Suite 2750, LB 38 • Dallas, TX 75204 • (214) 445-2445 • Fax (214) 445-2450 • www.mcglinchey.com

498219.1

McGlinchey Stafford PLLC in Florida, Louisiana, Mississippi, New York, Ohio and Texas.
McGlinchey Stafford LLP in California.

counter-claims would then become "live" again, as currently pled in the alternative. Additionally, in case we are incorrect in our assumptions, we have agreed that any statute(s) of limitations in regards to the counter-claims is hereby tolled during the appeal and for six (6) weeks following the final disposition of the appeal by the Court of Appeals and/or the Texas Supreme Court, as applicable, so that if the counter-claims require non-suit to make the judgment final for appellate purposes, and then require refiling at the trial court level, such defense (statute(s) of limitations) will not be asserted by Freezia.

If this correctly reflects our agreement in this matter, please sign in the spaces indicated below and I will file this as a Rule 11 Agreement with the Court and we can supplement the record on appeal once filed. I will also advise Mr. Torres in the 281st of this agreement telephonically.

Thank you again for your courtesies in this matter. Please contact me if you have any questions or concerns.

Cordially yours,

MCGLINCHEY STAFFORD, PLLC

Britton L. Larison

BLL/jo

**AGREED:**

_See attached page_
Charles Wist, *Attorney for Plaintiff (Trial Court)*

_See attached page_
Elizabeth Bruman, *Attorney for Plaintiff (Court of Appeals)*

_Elizabeth Flora w/permission by_
Elizabeth Flora, *Attorney for Defendants, Counter-Plaintiffs, IS Storage*

498219.1

of Appeals reverses, renders, and/or remands the case back to the 281st, we have agreed that the counter-claims would then become "live" again, as currently pled in the alternative. Additionally, in case we are incorrect in our assumptions, we have agreed that any statute(s) of limitations in regards to the counter-claims is hereby tolled during the appeal and for six (6) weeks following the final disposition of the appeal by the Court of Appeals and/or the Texas Supreme Court, as applicable, so that if the counter-claims require non-suit to make the judgment final for appellate purposes, and then require refiling at the trial court level, such defense (statute(s) of limitations) will not be asserted by Freezia.

If this correctly reflects our agreement in this matter, please sign in the spaces indicated below and I will file this as a Rule 11 Agreement with the Court and we can supplement the record on appeal once filed. I will also advise Mr. Torres in the 281st of this agreement telephonically.

Thank you again for your courtesies in this matter. Please contact me if you have any questions or concerns.

Cordially yours,

MCGLINCHEY STAFFORD, PLLC

_____
Britton L. Larison

BLL/jo

**AGREED:**

_____
Charles Wist, *Attorney for Plaintiff (Trial Court)*

_____
Elizabeth Bruman, *Attorney for Plaintiff (Court of Appeals)*

_____
Elizabeth Flora, *Attorney for Defendants, Counter-Plaintiffs, IS Storage*

498219.1

**Ｓ McGLINCHEY STAFFORD** _____

Britton L. Larison
Direct: 214.445.2419
blarison@mcglinchey.com

May 29, 2015

**_Via E-filing_**

Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210

     RE:    **Request for Supplementation of the Clerk's Record**

          Cause Number: 2012-20372;
          *Tracy Lynn Freezia v. IS Storage Ventures, LLC, JLE Investors, Inc. d/b/a*
          *Associated Mortgage Investors, Post Oak Bank, N.A., and James L. Emerson.*

Dear Clerk of Court:

     As attorney of record for Defendants JLE Investors, Inc. d/b/a Associated Mortgage Investors ("JLE"), and pursuant to TEX. R. APP. P. 34.5 (c)(1), I respectfully direct the Trial Court Clerk to prepare, certify, and file in the Court of Appeals for the Fourteenth District, Case No. 14-14-00174-cv, a supplement to the Clerk's Record consisting of the following omitted items, now designated:

        1. *Defendants' JLE Investors, Inc., d/b/a Associated Mortgage Investors' Notice of Non-suit of Counterclaims Without Prejudice*, filed May 19, 2015 in Cause Number 2012-20372;

     Thank you for your attention and assistance. Should you have any questions, please do not hesitate to contact the undersigned.

               Sincerely,

               **MCGLINCHEY STAFFORD, PLLC**

               */s/ Britton L. Larison*
               **BRITTON L. LARISON**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on this 29th day of May 2015, via eFile.TXCourts.Gov



               */s/ Britton Larison*
               Britton L. Larison

## NO. 2012-20372

| | | |
|---|---|---|
| TRACEY LYNN FREEZIA | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| IS STORAGE VENTURE, LLC et al | § | |
| | § | 281st JUDICIAL DISTRICT |

### RESPONSE TO REQUEST FOR CLARIFICATION

On May 12, 2015, the Fourteenth Court of Appeals (the "Court") issued an abatement order so that the trial court could clarify whether all parties and all claims were disposed in the trial court. The Court focused on James L. Emerson's counterclaims against Tracey Lynn Freezia.

At the time Tracey Lynn Freezia ("Freezia") filed her notice of appeal, the orders of the trial court did not dispose of all claims and all parties. On May 10, 2013, JLE Investors, Inc. d/b/a Associated Mortgage Investors ("JLE Investors") filed its Original Counterclaim against Freezia. On May 19, 2015, JLE Investors filed a notice of non-suit of counterclaims without prejudice against Freezia.

The trial court's record does not indicate that James L. Emerson filed a counterclaim.

Signed this 19<u>th</u> day of June, 2015

<u>Sylvia A. Matthews</u>
Sylvia A. Matthews
Judge Presiding

**FILED**
Chris Daniel
District Clerk

JUN 19 2015

Time:_____
Harris County, Texas

By_____
Deputy



EXHIBIT
"C"

**McGLINCHEY STAFFORD**

Britton L. Larison
Direct: 214.445.2419
blarison@mcglinchey.com

June 23, 2015

***Via E-filing***

Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210

RE:   **SECOND Request for Supplementation of the Clerk's Record**

   Cause Number: 2012-20372;
   *Tracy Lynn Freezia v. IS Storage Ventures, LLC, JLE Investors, Inc. d/b/a*
   *Associated Mortgage Investors, Post Oak Bank, N.A., and James L. Emerson.*

Dear Clerk of Court:

   As attorney of record for Defendants JLE Investors, Inc. d/b/a Associated Mortgage Investors ("JLE"), and pursuant to TEX. R. APP. P. 34.5 (c)(1), I respectfully direct the Trial Court Clerk to prepare, certify, and file in the Court of Appeals for the Fourteenth District, Case No. 14-14-00174-cv, a supplement to the Clerk's Record consisting of the omitted item listed in the May 29, 2015 *Request for Supplementation of the Clerk's Record* and, additionally, the omitted item now designated:

   1. *Response to Request for Clarification*, filed June 19, 2015 in Cause Number 2012-20372.

   Thank you for your attention and assistance. Should you have any questions, please do not hesitate to contact the undersigned.

                                        Sincerely,

                                        **McGLINCHEY STAFFORD, PLLC**


                                        */s/ Britton L. Larison*
                                        **BRITTON L. LARISON**


### CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on this 23rd day of June 2015, via eFile.TXCourts.Gov

                                        */s/ Britton Larison*
                                        Britton L. Larison



EXHIBIT
**"D"**